IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDIL CARROR,
    Petitioner,

v.                    Case No.  5:11cv292/MP/CJK

MICHAEL D. CREWS,[1]
    Respondent.

_____

## ORDER and
## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C.

§ 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the

state court record.  (Doc. 13).  Petitioner replied.  (Doc. 19).  The matter is referred

to the undersigned magistrate judge for report and recommendation pursuant to 28

U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues

raised by petitioner, the undersigned concludes that no evidentiary hearing is required

for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254

Cases in the United States District Courts.  The undersigned further concludes that

the pleadings and attachments before the Court show that petitioner is not entitled to

_____

[1]Michael D. Crews succeeded Edwin G. Buss and Kenneth S. Tucker as Secretary of the
Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P.
25(d).

federal habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by Second Amended Information filed in the Circuit Court for Jackson County, Florida, with Attempted Second-Degree Murder of R.L.G., a 12-year old female (Count I), Aggravated Battery with a Firearm (Count II), and Shooting into an Occupied Vehicle (Count III). (Doc. 13, Ex. C, p. 1).[2] Petitioner went to trial and was found guilty by jury verdict of all three counts, as charged. (*Id.*, Ex. C, pp. 136-37; Ex. D). The finding of guilt on Count II was vacated prior to sentencing. (Ex. C, pp. 163-65, 181). On October 24, 2006, petitioner was adjudicated guilty of Counts I and III, and sentenced to a total term of imprisonment of 40 years. The judge orally pronounced petitioner's sentence as 25 years imprisonment on Count I and 15 years imprisonment on Count III, with the sentence on Count I to be served consecutively to Count III. (*Id.*, pp. 179-81). The written judgment and sentence reflected the reverse – that the sentence on Count III was to run consecutively to Count I. (*Id.*, pp. 185-90).

On July 17, 2007, petitioner filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). (Ex. F, pp. 218-24). On August 16, 2007, the sentencing court denied the motion as it related to jail credit, granted the motion as it related to correcting the written Judgment and Sentence to reflect the judge's oral pronouncement of sentence, and directed the clerk to enter an amended Judgment and Sentence reflecting that the sentence on Count I was to run consecutively to Count III. (*Id.*, pp. 225-26). Petitioner's convictions and sentences were affirmed, per curiam and without written opinion, on November 30, 2007.

---

[2]All references to exhibits will be to those provided at Doc. 13, unless otherwise noted.

*Carror v. State*, 969 So. 2d 375 (Fla. 1st DCA 2007) (Table) (copy at Ex. J).

On July 11, 2008, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. L, pp. 1-8). The court scheduled an evidentiary hearing and appointed counsel to represent petitioner. (*Id.*, p. 11). An evidentiary hearing was held on November 16, 2009. (*Id*, pp. 14-50). On January 6, 2010, the court entered an order denying postconviction relief. (*Id*., pp. 51-112). The Florida First District Court of Appeal ("First DCA") affirmed, per curiam and without written opinion. *Carror v. State*, 53 So. 3d 1024 (Fla. 1st DCA 2011) (Table) (copy at Ex. P). The mandate issued March 1, 2011. (Ex. Q).

Petitioner filed his federal habeas petition in this Court on August 18, 2011. (Doc. 1, p. 6). The petition presents two grounds for relief: (1) the prosecutor engaged in misconduct that deprived petitioner of his right to a fair trial and (2) trial counsel was constitutionally ineffective for failing to properly convey a plea offer prior to trial and by failing to provide petitioner with sufficient information to enable him to make an intelligent and knowing decision concerning the offer. (*Id.*, p. 4).

Respondent asserts that petitioner's first ground for relief should be denied as insufficiently pled or, in the alternative, procedurally defaulted or, in the alternative, without merit. (Doc. 13, pp. 7-21). Respondent asserts that petitioner's second ground for relief should be denied, because petitioner fails to show that the state court's resolution of his claim was contrary to clearly established federal law, based on an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (*Id*., pp. 22-34).

## LEGAL STANDARDS

### Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision is

contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272,

1287 (11th Cir. 2011) (*citing Harrington v. Richter*, 562 U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)).  The federal court  must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision.  *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).  In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C.  §  2254(d)(2).   As with the "unreasonable application" clause, the federal court applies an objective test.  *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").   The "unreasonable determination of the facts" standard is

implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be."

*Richter*, 131 S. Ct. at 786.

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[4] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526

---

[4]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A)  the applicant has exhausted the remedies available in the courts of the State; or

   (B) (i)  there is an absence of available State corrective process; or

      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). A claim is also considered procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *Upshaw*

*v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

## DISCUSSION

Ground One    "Prosecutorial misconduct during direct examination and closing argument". (Doc. 1, p. 4).

Petitioner alleges the following in support of this claim:

> Prosecutor, during direct examination of a state witness and in closing argument, made improper comments that appealed to the juror's emotions, misstated the law and facts, intimidated the jury, attacked

petitioner's character, and thereby his credilily [sic] and denied Petitioner his right to a fair trial.

(*Id*., p. 4).   Petitioner provides no additional allegations or supporting facts. Petitioner asserts that he exhausted this claim by raising on direct appeal.  (*Id*.).

Respondent asserts two procedural defenses.  Respondent's first defense is that petitioner fails to state a claim on which federal habeas relief can be granted, because petitioner presents wholly conclusory allegations without supporting factual averments, such as what comments or questions were allegedly improper.  (Doc. 13, pp. 7-8).  Respondent next asserts that even if this Court were to liberally construe the petition as raising the same claim petitioner presented on direct appeal – that "[p]rosecutorial misconduct during direct examination and closing argument rose to the level of fundamental error and denied Appellant of his right to a fair trial" – petitioner still is not entitled to merits review of his claim, because petitioner did not present his claim as a federal constitutional claim to the state court, and even if he did, the state court rejected petitioner's claim on the independent and adequate state ground of procedural bar due to petitioner's failure to preserve the alleged errors at trial.  (Doc. 13, pp. 8-13).  Each argument will be addressed in turn.

A.    The Allegations Of Ground One Are Insufficient As A Matter Of Law To Warrant Federal Habeas Relief

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will be liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nonetheless, the burden of properly identifying a claim and alleging supporting facts rests with the petitioner.  *See, e.g., Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057 (11th Cir. 2011) (noting that the district court was not required to "ferret out" facts in a case with a "massive record"), *cert. denied*, — U.S.

—, 132 S. Ct. 1018, 181 L. Ed. 2d 752 (2012). "[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing" or federal habeas relief. *Chavez*, 647 F.3d at 1060; *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, Allen is not entitled to an evidentiary hearing."). "The allegations must be factual and specific, not conclusory." *Chavez*, at 1061. "Conclusory allegations are simply not enough" to warrant federal habeas relief. *Id.* This Court is not obligated to cull the record in search of facts not included in the petition. As the Eleventh Circuit explained in *Chavez*:

> [A]ll of the principles of law [governing pleading requirements in federal habeas cases, the burden of proof and the granting of evidentiary hearings] would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him.

*Id.* at 1061 (citations omitted). Here, petitioner has alleged no specific facts that, if true, would entitle him to federal habeas relief. Petitioner's conclusory assertion that "prosecutor, during direct examination of a state witness and in closing argument, made improper comments that appealed to the juror's emotions, misstated the law and facts, intimidated the jury, attacked petitioner's character, and thereby his credilily [sic] and denied Petitioner his right to a fair trial" (doc. 1, p. 4), is not factual or specific, and cannot arguably justify federal habeas relief.

B.    Even If Ground One Were Construed, To Petitioner's Benefit, As Asserting The Same Claim Petitioner Presented To The State Court, The Claim Is Procedurally Defaulted

Petitioner asserts in his habeas petition that he exhausted his prosecutorial misconduct claim by raising it on direct appeal. (Doc. 1, p. 4). Petitioner asserts in his reply that he exhausted the claim by raising it in his Rule 3.850 proceeding. (Doc. 19, p. 2) (stating that Ground One was "properly presented . . . to the State Court as a fundamental error cognizable for the first time in a Rule 3.850 proceeding."). The only claim petitioner presented in his Rule 3.850 proceeding was the ineffective assistance claim petitioner now raises as Ground Two – counsel's alleged ineffectiveness during plea negotiations. (Ex. L). Petitioner did not present a claim of prosecutorial misconduct in his Rule 3.850 motion. Petitioner's direct appeal did present a claim of prosecutorial misconduct. There, petitioner argued: "Prosecutorial misconduct during direct examination and closing argument rose to the level of fundamental error and denied Appellant of his right to a fair trial." (Ex. G, pp. i, 32). Petitioner identified five instances of alleged misconduct. (*Id.*, pp. 33-42).

Respondent asserts a procedural default defense, arguing that petitioner failed to give the state courts a full and fair opportunity to address a federal constitutional claim based on prosecutorial misconduct, because petitioner "never presented an objection to the trial court based on the Untied States Constitution and, therefore, did not preserve a federal constitutional claim for adjudication on direct appeal." (Doc. 13, p. 11). Respondent asserts that petitioner's failure to preserve the errors he now raises rendered them procedurally barred on direct appeal, and procedurally defaulted

in this Court.[5]

Florida law requires a defendant to make a "contemporaneous, specific objection . . . at the time of the alleged error" to preserve the error for appellate review. *Overton v. State*, 976 So.2d 536, 547 (Fla. 2007) (*citing F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003)) (explaining and reviewing the history of Florida's contemporaneous objection rule); *Williams v. State*, 892 So. 2d 1185, 1187 (Fla. 5th DCA 2005); *see also Abrams v. Paul*, 453 So. 2d 826, 827 (Fla. 1st DCA 1984) ("It is axiomatic that it is the function of the appellate court to review errors allegedly committed by the trial courts, not to entertain for the first time on appeal issues which the complaining party could have, and should have, but did not, present to the trial court."). "To justify not imposing the contemporaneous objection rule, 'the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *State v. Delva*, 575 So. 2d 643, 644-45 (Fla. 1991) (*quoting Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)); *F.B. v. State*, 852 So. 2d at 29 (discussing Florida's doctrine of fundamental error and when that doctrine applies; emphasizing that "rarely will an error be deemed fundamental," and that "the more general rule requiring a contemporaneous objection to preserve an issue for appellate review will usually apply."); *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1983) ("Except in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court.").

Petitioner expressly conceded on direct appeal that he failed to preserve the

---

[5]Respondent incorrectly states that petitioner did not argue on direct appeal that the error was fundamental such as to allow appellate review. (Doc. 13, p. 12 n.2). Although petitioner did, in fact, argue fundamental error on direct appeal, the errors he now raises are still procedurally defaulted.

issue of the prosecutor's alleged misconduct for appellate review, stating: "The errors raised in this Initial Brief were not contemporaneously objected to by defense counsel in the trial court below, and are therefore not preserved for appeal." (*Id*., p. 32). Petitioner acknowledged Florida's "well established" rule that errors not preserved in the trial court are barred from appellate review, (*id*., p. 32), but argued that the errors should be reviewed because their cumulative impact "rises to the level of fundamental error and vitiated the trial." (*Id*., p. 32 n.1). The State filed an Answer Brief, asserting that none of the alleged instances of prosecutorial misconduct were objected to during trial and preserved for appellate review, and that petitioner failed to establish fundamental error to excuse the procedural bar. (Ex. H, pp. 7-17). The appellate court summarily affirmed petitioner's convictions and sentences without explanation.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784; *see also Johnson v. Williams*, — U.S. —, 133 S. Ct. 1088, 1096, — L. Ed. 2d — (U.S. 2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted. . . . [T]he presumption that the federal claim was adjudicated on the merits may be rebutted – either by the habeas petitioner (for the purpose of showing that the claim should be considered by the federal court de novo) or by the State (for the purpose of showing that the federal claim should be regarded as procedurally defaulted).") (*citing Coleman, supra*, at 739, 111 S. Ct. 2546

(rebuttable presumption of no independent and adequate state ground applies so long as "it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law")).

Respondent has shown, and the surrounding circumstances in this case indicate, that the basis for the First DCA's rejection of petitioner's claim was the independent and adequate state ground of procedural bar – petitioner's failure to preserve the prosecutorial misconduct issue for appellate review. Petitioner's lack of objection below, coupled with the parties' agreement that petitioner failed to preserve the error for appellate review, coupled with the parties' briefing under the fundamental error standard (a standard applicable under Florida law only when a claim has not been properly preserved), persuades this Court that the First DCA determined that petitioner did not properly preserve the alleged errors for appellate review and rejected petitioner's claim on the independent state procedural ground of failure to comply with Florida's contemporaneous objection rule. The First DCA's application of the procedural bar was not applied "in an arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F. 3d at 1313, and was adequate to support its judgment.

The First DCA's rejection of petitioner's prosecutorial misconduct claim on the independent and adequate state ground of procedural bar renders the claim procedurally defaulted on federal habeas review. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of Ground One.

Ground Two     <u>"Ineffective assistance of counsel for failing to properly [convey] plea offer prior to trial"</u>. (Doc. 1, p. 4).

Petitioner alleges the following in support of this claim:

Counsel was ineffective for failing to properly convey a ten-year

plea offer prior to the date of trial; and once it was conveyed on the day
of trial, counsel failed to provide Petitioner with sufficient information
in order for him to make an intelligent and knowing decision concerning
the plea offer.

(*Id*., p. 4). Petitioner does not indicate how, or where, this claim was raised in state court. (*Id*., p. 5). Respondent asserts, and the record reflects, that petitioner's Rule 3.850 motion presented a claim of ineffective assistance of counsel for counsel's failure to properly convey a plea offer. (Ex. L, pp. 4-5). The postconviction court appointed counsel to represent petitioner, and held an evidentiary hearing. (*Id.*, pp. 11, 14-50). The court denied postconviction relief on January 6, 2010, after determining that trial counsel was not constitutionally ineffective. (*Id.*, pp. 51-112). On February 2, 2011, the Florida appellate court affirmed without explanation. (Ex. P).

Respondent, under a heading titled "Exhaustion of State Remedies" asserts: "The State expressly declines to waive any available defenses or procedural bars." (Doc. 13, p. 22). At the end of that statement respondent inserts the following footnote:

The Eleventh Circuit in an unpublished opinion recently found
that the State had conceded exhaustion even though the State had noted
only that the claim appeared to be exhausted. *See Williams v. Sec'y,
Dept. Corrections*, Case No. 09-12850 (11th Cir. August 9, 2010)
(unpublished). As a result, the State must assert all available defense
and procedural bars and declines to make a determination related to
exhaustion so as to preserve its available rights.

*Id*., p. 22 n.3. Respondent then states: "The State asserts any and all defenses related to exhaustion and any procedural bars." *Id*., p. 22. Respondent goes on to detail the procedural history of petitioner's claim, including how it was presented to, and

rejected by the state court on the merits after an evidentiary hearing. Respondent presents no argument or record citations to support an exhaustion or procedural default defense.

The case to which respondent refers is *Williams v. Sec'y for the Dep't of Corr.*, 395 F. App'x 524 (11th Cir. 2010). In *Williams*, the State conceded exhaustion in the district court, but then changed its position on direct appeal. The Eleventh Circuit declined to examine the exhaustion issue, stating: "As the district court did not examine the exhaustion issue because of the State's apparent concession or waiver of the issue, we decline to examine the exhaustion issue for the first time on appeal." *Id.* at 524 n.1.

This Court's service order expressly instructed respondent that if he raised the defense of failure to exhaust or procedural default as to any claim, that defense should be asserted in his answer. (Doc. 4, p. 2). This requirement is consistent with the Rules Governing 2254 Cases, which states that the respondent's answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts. Respondent's conclusory assertion of "any and all defenses related to exhaustion and any procedural bars" without delineating any specific defense, followed by respondent's refusal to "make a determination related to exhaustion," followed by respondent's apparent concession that petitioner's claim was presented and adjudicated on the merits in state court, lead this Court to conclude that respondent does not deem an exhaustion or procedural default defense substantial enough to warrant argument. Accordingly, this Court will not examine the issue of exhaustion or procedural default. Further, given respondent's failure to rebut the *Richter* presumption that the

state court's denial of relief on petitioner's claim was an adjudication on the merits, the Court will review the claim under the deferential standard of 28 U.S.C. § 2254(d). *See Richter*, 131 S. Ct. at 784.

    A.    Clearly Established Federal Law

    The clearly established federal law as determined by the Supreme Court, for temporal purposes under 28 U.S.C. § 2254(d), is the law at the time the state court renders its decision. *Cullen v. Pinholster*, 563 U.S. —, 131 S. Ct. 1388, 1399, 179 L. Ed. 2d 557 (2011); *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The state court's decision in this case preceded the Supreme Court's opinions in *Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012), and *Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399, 1404, — L. Ed. 2d — (2012). Nonetheless, the Supreme Court "ha[s] long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1486, 176 L. Ed. 2d 284 (2010); *see also Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies to claims that counsel was ineffective during plea negotiations. *Hill v. Lockhart*, 474 U.S. at 57, 106 S.Ct. at 370 ("[T]he same two-part [*Strickland*] standard seems to us applicable to ineffective-assistance claims arising out of the plea process."). *Strickland*'s first prong requires a defendant to show "'that counsel's representation fell below an objective standard of reasonableness.'" *Hill*, 474 U.S., at 57, 106 S. Ct. 366 (*quoting Strickland*, 466 U.S. at 688, 104 S. Ct. 2052)). *Strickland*'s second prong requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052. In the context of pleas, "[t]he . . . 'prejudice' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S. Ct. 366.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla*, 130 S. Ct. at 1485. "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

B.     Federal Review of State Court Decision

At the opening of the postconviction evidentiary hearing, the parties clarified petitioner's claim:

> MR. PATTERSON [petitioner's counsel]: . . . We're here on one solitary issue and that is whether or not a plea offer was communicated to Mr. Carror and, whether or not there was a knowing and understanding [sic] of that plea offer and then what subsequently transpired. I know that the motion for post-conviction relief goes into a couple of other things that I think are a bit tangential, such as knowledge of the 10-20-Life provision, but I'm going to at least have Mr. Carror speak to that briefly, but I believe the court's   narrowed the issue to the, to the communication of a plea offer only.

THE COURT: All right, and anything from the State before we get started?

MS. OLIVER [for the State]: Judge, that's my understanding of the motion, too, is whether or not an offer was conveyed to the defendant.

(Ex. L, pp. 17-18). The state court heard testimony from the parties' witnesses. (Ex. L). After considering petitioner's motion, the evidentiary hearing testimony and the trial record, the state court issued the following detailed order denying postconviction relief:

> Defendant filed the instant Motion for Post conviction Relief alleging one claim for the Court's consideration. Specifically, Defendant submits that he was denied effective assistance of counsel wherein counsel failed to adequately convey the State's plea offer of ten years thereby rendering the waiver of said plea offer involuntary. Defendant stated a facially sufficient claim sufficient to warrant a [sic] evidentiary hearing. *See Mathis v. State*, 848 f. 2d 1207 (Fla. 1st DCA 2003); *See also Cottle v. State*, 733 So. 2d 963, 967 (Fla. 1999).
>
> On November 16, 2009, Defendant appeared before the Court with court appointed attorney Christopher Patterson for a [sic] evidentiary hearing on his Rule 3.850 motion. During the hearing, the court heard and considered testimony from the following parties: (1) Defendant; (2) Guy Green, Defendant's trial counsel, and (3) Marcus Green, a legal intern during the Defendant's trial.
>
> The first witness to take the stand was the Defendant. In his testimony, Defendant stated that he knew that the crimes were serious. When asked if he would have changed his mind if he had more time, he stated that he would have accepted the plea from the State. Further, Defendant testified that he did not accept it because he did not have enough information about the plea. On cross examination, the assistant state attorney asked if he did not understand the plea, did he ask questions. Defendant stated that he chose not to ask further questions of his counsel. However, Defendant did acknowledge that he was able

to ask questions in the past and counsel responded with answers. The crux of Defendant's argument is premised on the lack of sufficient time to consider the plea offer and Defendant's failure to ask any questions of counsel. Moreover, the reason he did not ask questions was because Defendant did not take the plea serious [sic] when questioned by the prosecutor at the evidentiary hearing. Defendant further testified that he regretted not taking the plea offer but acknowledged that counsel did go over the serious nature of the charges in this case.

Prior to Defendant returning to counsel table, the Court inquired into Defendant's knowledge about the issue at hand and the seriousness of the instant charges. The Court questioned Defendant about his prior law enforcement experience based upon a prior bond reduction hearing heard by the Court on March 21, 2006. In response, Defendant acknowledged that he was sworn New York Transit law enforcement officer with 24 years experience, who appeared in the courtroom and before a judge in that capacity. Thus, Defendant knew that the charges were serious and he admitted that he knew he could receive a maximum penalty of life. But, Defendant felt that the crimes in this case were not his fault. When the Court asked what could counsel have told him to change his mind to take plea. Defendant responded that he did not know and he expected to win to [sic] the case.

Next, the Court heard testimony from defendant's trial counsel. Assistant Public Defender Guy Green, who has 37 years of experience criminal defense with the Public Defender's Office. He testified that he does not have any independent recollection of the State's plea offer. However, he stated that it is general practice to always relay such a [sic] offer to his client no matter how ridiculous it may seem. He stated that it is his clients [sic] decision to accept the offer and he is ethically obligated to inform his clients of the offer. Although counsel did not have an independent recollection of the events, he testified that his son, Marcus Green, recalled the plea offer being conveyed.

Finally, the court heard from Assistant Public Defender, Marcus Green during the evidentiary hearing. At the time of Defendant's trial, Marcus Green had already taken the Florida Bar Exam but was waiting

on the results to be published.  Marcus Green was employed with the Fourteenth Judicial Circuit's Public Defender as a legal intern with his father, Defendant's trial counsel.  When asked about the plea offer discussions, he stated that he recalled this particular discussion because it was his first involvement in a trial since law school.  He testified that the Defendant was not interested in taking the plea offer from the State because he felt that he did nothing wrong.  When the prosecutor [Assistant State Attorney] asked to clarify that response, he stated that the Defendant did not want to go to prison for this incident when he did nothing wrong.  According to Marcus Green, it was pretty clear that the Defendant did not want take [sic] the plea offer.

Based upon the foregoing testimony, the Court finds that counsel was not ineffective in his representation of the Defendant.  Defendant was aware of the plea offer but he chose to forego said plea and proceed to trial.  More importantly, Defendant believed that he did nothing wrong that deserved imprisonment, which was the basis for the rejection of the plea offer and his failure to ask any further questions of his counsel.  Defendant elected to proceed to trial and he knew the seriousness of the charges against him, which included life in prison.  Further, Defendant was aware of the maximum penalty he faced.  Defendant's current position and testimony that he refused the offer based upon his failure to have more time and information is not credible in totality with the other witnesses [sic] statements.  Although trial counsel had no independent recollection, his son did remember the plea offer and Defendant's reaction.  Specifically, Defendant was informed about he plea and its consequences, but he did not want to serve time for a crime when he did nothing wrong.  With Marcus Green's testimony, it was very clear to this Court that Defendant did not have any intention of accepting the plea offer.  As a result, counsel did fulfill his obligation to convey a plea to his client.  It was not until Defendant had his day in court, which resulted in a jury find [sic] him guilty as charged did he regret his decision.  Thus, Defendant failed to show any specific act or omission that was substantial and serious deficiency measurably below that of competent counsel.  *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

(Ex. L, pp. 51-53).  The state appellate court summarily affirmed without explanation.  (Ex. P).

The state court's findings of fact, including its credibility determinations, are presumed correct.  28 U.S.C. § 2254(e); *see also Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review.  Federal courts have 'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'") (*quoting Marshall v. Lonberger*, 459 U.S. 422, 103 S. Ct. 843, 851, 74 L. Ed. 2d 646 (1983)); *see also Consalvo*, 664 F.3d at 845 ("We consider questions about the credibility and demeanor of a witness to be questions of fact.").

The state court credited the testimony of the State's witnesses at the postconviction evidentiary hearing.  The state court credited Marcus Green's testimony that defense counsel Guy Green conveyed the State's plea offer to petitioner.  (Ex. L. pp. 45-46).  The state court also credited Marcus Green's testimony that petitioner was clear that he was not interested in the offer – "Mr. Carror felt like he didn't do anything wrong in the incident in question and didn't want to agree to go to prison for something, for a situation where he didn't feel like he had done anything wrong." (*Id.*).  Petitioner conceded at the evidentiary hearing that counsel conveyed the plea offer, (ex. L, pp. 22, 23); that counsel went over the charges with petitioner prior to trial, including their degree of severity, (*id.*, pp. 26-27, 33-34), that petitioner was aware that if he was convicted after a trial he could be sentenced to life in prison, (*id.*, pp. 30, 32); that petitioner had the opportunity to talk to counsel about the plea offer and to ask counsel questions about the offer, but chose not to, (*id.*, pp. 23-24, 25); and that petitioner did not take the plea offer seriously

because he was confident he would prevail at trial, (*id.*, pp. 21, 25, 26, 30). When the postconviction court asked petitioner what information counsel should have conveyed that would have changed petitioner's mind and caused him to accept the plea offer, petitioner could not identify anything. (Ex. L, p. 34). Petitioner has not overcome the presumption of correctness afforded to the state court's findings of fact.

In denying relief, the state court correctly identified *Strickland* as the controlling legal standard and, based upon its findings of fact, concluded that petitioner failed to establish deficient performance. The state court's conclusion was a reasonable application of *Strickland* to the facts of this case. *Strickland*'s deficient performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Petitioner failed to establish that counsel made any error, much less an error so egregious as to warrant relief under *Strickland*.

The state court's denial of relief on petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief on Ground Two.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing

Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as the respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) challenging the judgment of conviction and sentence in *State of Florida v. Edil Carror*, Jackson County, Florida Circuit Court Case No. 06-CF-53 be DENIED, and the Clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 22nd day of March, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).